UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES DIXON,
    *Plaintiff*,

v.

WARDEN FAUCHER, *et al.*,
    *Defendant*.

No. 3:17-cv-01716 (VAB)

# INITIAL REVIEW ORDER

James Dixon ("Plaintiff") is incarcerated at the Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut ("Corrigan"), and proceeding *pro se*, has sued Warden Faucher, Deputy Warden Cotto, Lieutenant Stadalnik and Correction Officer Ocasio (collectively "Defendants") under 42 U.S.C. § 1983.

For the reasons that follow, the Court **DISMISSES** the Complaint.

## I. FACTUAL AND PROCEDURE BACKGROUND

### A. Factual Allegations

On July 12, 2017, Mr. Dixon allegedly attended a hearing at Hartford Superior Court. Compl. at ¶ 1, ECF No. 1. Upon arriving back to Corrigan-Radgowski Correctional Center ("Corrigan"), he and four other inmates were allegedly held in a room adjacent to the "bullpen." *Id.* ¶¶ 3–4. The strip and search room is located within the "bullpen." *Id.* ¶ 4. An Admitting and Processing Correctional Officer allegedly called each inmate into the strip-search room to be searched. *Id.* ¶ 5. On that day, the stripsearches were allegedly conducted by Officer Ocasio. *Id.* Another Admitting and Processing Officer allegedly stood in the area near the entrance of the strip-search room, but did not completely block the entrance from inmates standing outside of but within view of the room. *Id.*

Mr. Dixon alleges that he could see other inmates being strip-searched by Officer Ocasio. *Id.* He also alleges that, when he entered the strip-search room, he could see the other inmates outside the room. *Id.* ¶ 6. Mr. Dixon alleges that it was impossible for the Admitting and Processing Officer standing in the door to obstruct the view of the inmates outside the strip-search room because the officer allegedly was six feet tall and weighed between 180–190 pounds. *Id.* ¶ 7. Mr. Dixon alleges that he is six feet and four inches tall and weighs between 250–260 pounds. *Id.*

On July 31, 2017, Mr. Dixon alleges that he submitted an inmate request to Warden Faucher about the incident, which Warden Faucher allegedly forwarded to Lieutenant Stadalnik. *Id.* ¶ 8. Mr. Dixon alleges that Lieutenant Stadalnik stated he would remedy his inmate request by requiring the Admitting and Processing Officers to place a piece of tape on the floor, a certain distance from the strip-search room, for the inmates, who are not involved in the search, to stand behind so the inmates being searched could not be seen. *Id.* Lieutenant Stadalnik allegedly did not promise to implement any other remedy to provide inmates privacy during the strip searches. *Id.* Mr. Dixon alleges that he did not file another inmate request form or pursue further an administrative remedy, in light of Lieutenant Stadalnik's representation that he would remedy the issue. *Id.* ¶ 10.

### A. Previous Litigation

Mr. Dixon previously filed an action against several Corrigan Officers in December 2015, alleging that correctional officers improperly strip-searched him on various dates in 2015. *Id*. at 3–4; *see also Dixon v. Santiago, et al.*, No. 3:15-cv-1575 (JAM), 2015 WL 95822729, at *1–2 (D. Conn. Dec. 30, 2015). On January 13, 2017, the Court dismissed that case under Local

Rule 41(b) because the parties had settled. Order of Dismissal, *Dixon v. Santiago*, No. 3:15-cv-1575 (JAM) (D. Conn. Jan. 13, 2017), ECF No. 46.

The Settlement Agreement required that the Warden of Corrigan (1) implement a roll-call and revive the training program for the correctional staff regarding the requirements of Administrative Directive 6.7 pertaining to non-emergency strip searches of inmates, and (2) ensure that inmate searches in the Admitting and Processing area and the gym or the exercise room at Corrigan be conducted in areas out of view of individuals not involved in the searches. Settlement Agreement and General Release at 10–16, ECF No. 1-1.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(a), prisoner civil complaints against governmental actors must be reviewed any portion of the complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief,"28 U.S.C. § 1915A(b)(1)–(2), must be dismissed.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g. Ascroft v.* Iqbal, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014). "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation marks and citations omitted). A complaint that only includes "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or

3

'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

It is well-established that "*pro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of* Prisons, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). The complaint, however, must still include sufficient factual allegations to meet the standard of facial plausibility.

### III. DISCUSSION

Mr. Dixon seeks $50,000 in punitive damages and $50,000 in compensatory damages from Defendants individually. Compl. at 7. Mr. Dixon, however, does not explain in the Complaint how Defendants violated his federally or constitutionally protected rights.

#### A. Claims Against Deputy Warden Cotto

Deputy Warden Cotto is listed as a Defendant in the title of the caption, on the first page of the Complaint, and in the description of parties on the second page of the Complaint. Mr. Cotto, however, is not otherwise mentioned in any other part of the Complaint. As a result, Mr. Dixon has not sufficiently alleged that Mr. Cotto violated his federally or constitutionally protected rights. The claims against Mr. Cotto therefore are dismissed under 28 U.S.C. § 1915A(b)(1). *Grullon v. City of New Haven*, 720 F.3d 133,138 (2d Cir. 2013) ("It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation.").

## B. Claims Against Defendants in Their Official Capacities

To the extent that Mr. Dixon seeks monetary damages from the defendants in their official capacities, those claims are barred by the Eleventh Amendment. *Kentucky. v. Graham*, 473 U.S. 159 (1985) (holding that the Eleventh Amendment, which protects the State from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342–43 (1979) (stating that Congress did not intend for the Civil Rights Act, 42 U.S.C. § 1983, to override "constitutionally guaranteed immunity of the several States" in civil claims against state officials acting within their official capacities). All claims for monetary damages against Defendants while acting in their official capacities therefore are dismissed under to 28 U.S.C. § 1915A(b)(2). *Abrams v. Erfe*, No. 3:17-c -1570 (CSH), 2018 WL 691714, *19 (D. Conn. Fed. 2, 2018) (dismissing the claims against the defendants while acting in their official capacities).

## C. Enforcement of Settlement Agreement

It is unclear whether Mr. Dixon has filed this action to enforce the Settlement Agreement reached in *Dixon*, or to assert a new claim regarding the privacy concerns of the strip search conducted on July 12, 2017. To the extent that Mr. Dixon is attempting to enforce the settlement agreement, such relief is not available here because Mr. Dixon filed this action under 42 U.S.C. § 1983.

A settlement agreement requires its own basis for a federal court to have jurisdiction over the enforcement of the terms. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378-81 (1994). Without a basis, a federal court will only retain jurisdiction to enforce a settlement agreement, if the dismissal order specifically reserves such authority or the order incorporates the terms of the

settlement. *Id.*; *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) ("[A] district court does not automatically retain jurisdiction to hear a motion to enforce a settlement agreement simply by virtue of having disposed of the original case. Instead, a motion to enforce a settlement agreement is fundamentally a claim of breach of a contract, part of the consideration of which was dismissal of an earlier federal suit and therefore requires its own basis for jurisdiction.") (internal quotation marks and citations omitted).

If a district court does not retain jurisdiction to enforce a settlement agreement, any action to enforce a provision of the agreement must be brought in a state court as a breach of contract action. *Kokkonen*, 511 U.S. at 382 ("[E]nforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction").

Mr. Dixon has provided no factual detail to suggest that this Court has jurisdiction to grant the relief he seeks. After the Stipulation of Dismissal was filed on February 6, 2017, the Court did not enter an additional order that included language indicating that the Court would retain jurisdiction over any issues regarding the enforcement of the settlement agreement. Stipulation for Dismissal with Prejudice, *Dixon v. Santiago*, No. 3:15-cv-1575 (JAM) (Feb. 7, 2017), ECF No. 47. The Order of Dismissal additionally does not incorporate the terms of the Settlement Agreement or state that this Court would retain jurisdiction to enforce the terms of the Settlement Agreement. Order of Dismissal. Nor does the Settlement Agreement suggest that this Court would retain jurisdiction over its enforcement. Settlement Agreement and General Release at 10–16.

Absent an independent, jurisdictional basis for this Court to enforce the settlement, the claims against Defendants concerning the enforcement of the Settlement Agreement therefore are dismissed.

### D. The Strip-Search on July 12, 2017

To the extent that Mr. Dixon asserts a new claim that Warden Faucher, Lieutenant Stadalnik, and Officer Ocasio violated his right to privacy when he was strip-searched on July 12, 2017, Mr. Dixon's claim is foreclosed because he has not fully exhaust all available administrative remedies.

Prisoners are required to exhaust administrative remedies before filing a federal lawsuit related to prison conditions. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). This includes all claims regarding "prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002).

Exhaustion of all available administrative remedies must occur, regardless of whether the administrative procedures provide the relief that the inmate seeks. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Furthermore, prisoners are required to comply with all procedural rules regarding the grievance process prior to commencing an action in federal court. *Woodford v. Ngo*, 548 U.S. 81, 90–91, 93 (2006) (noting that "proper exhaustion of administrative remidies, which 'means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits).") (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th

Cir. 2002)) (emphasis in original). Thus, completion of the exhaustion process after a prisoner has filed an action in federal court does not satisfy the exhaustion requirement. *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001). Special circumstances also will not relieve an inmate of the obligation to satisfy the exhaustion requirement.

An inmate's failure to exhaust all administrative remedies is only excusable, if the remedies are, in fact, unavailable. *Ross v. Blake*, ___ U.S. ___, 136 S. Ct. 1850, 1858 (2016). Although failure to exhaust administrative remedies is an affirmative defense, *Jones v. Bock*, 549 U.S. 199, 216 (2007), a court may dismiss a complaint for failure to state a claim when the allegations on the face of the complaint establish that it is subject to dismissal, even on the basis of an affirmative defense. *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (citing *Jones*, 549 U.S. at 215) ("[A] district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement.").

Mr. Dixon has conceded that he has not exhausted all available administrative remedies concerning July 2017 the strip-search. *See* Compl. ¶ 10 (noting that "[n]o further resolution or Administrative Remedy was sought" because the lieutenant addressed the issue). Accordingly, Mr. Dixon's privacy claim is dismissed without prejudice for failure to fully exhaust administrative remedies.

## IV. CONCLUSION

All claims against Deputy Warden Cotto and the claims against the remaining defendants with regard to enforcement of the Settlement Agreement, *Dixon v. Santiago*, No. 3:15-cv-1575 (JAM) are **DISMISSED** under 28 U.S.C. § 1915A(b)(1). To the extent that Mr. Dixon claims

that Defendants have violated the terms of the Settlement Agreement entered into by the parties in *Dixon v. Santiago*, No. 3:15-cv-1575 (JAM), his remedy, if any, may be available by filing a motion for contempt or to enforce the Settlement Agreement in state court.

The privacy claim against Warden Faucher, Lieutenant Stadalnik, and Officer Ocasio related to the July 12, 2017, strip search of Mr. Dixon is **DISMISSED** without prejudice for Mr. Dixon's failure to fully exhaust his administrative remedies prior to filing this action. To the extent that Mr. Dixon seeks to pursue his claim related to the July 12, 2017, strip search, he may file a new action after he has exhausted his available remedies with regard to that claim.

The Clerk of the Court is instructed to enter judgment for Defendants and close this case.

Should Mr. Dixon choose to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**SO ORDERED** at Bridgeport, Connecticut this 14th day of August, 2018.

                                                  /s/ Victor A. Bolden
                                                  VICTOR A. BOLDEN
                                                  UNITED STATES DISTRICT JUDGE