UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES DIXON,
    *Plaintiff*,

v.

FAUCHER, *et. al.*,
    *Defendants*.

No. 3:17-cv-1716 (VAB)

**RULING ON MOTION TO AMEND OR ALTER JUDGMENT**

On October 11, 2017, James Dixon ("Plaintiff"), currently incarcerated at the Corrigan-Radgowski Correctional Center, and proceeding *pro se*, sued Warden Faucher, Deputy Warden Cotto, Lieutenant Stadalnik, and Corrections Officer Ocasio ("Defendants") under 42 U.S.C. § 1983, for violating the terms of a settlement agreement in *Dixon v. Santiago*, No. 3:15-cv-1757 (JAM).

On October 24, 2017, the Court dismissed the case under 28 U.S.C. § 1915(a) because any remedy under the settlement agreement should have been sought in state court. Moreover, Mr. Dixon's subsequent claims were dismissed because he failed to exhaust administrative remedies before filing his action. ECF No. 11.

Mr. Dixon has now moved to amend or alter the judgment under. ECF No. 13.

For the following reasons, the Court **DENIES** Mr. Dixon's motion to alter judgment.

**I.**     **STANDARD OF REVIEW**

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to "alter or amend a judgment" no later than 28 days after the entry of the judgment. Courts consider a motion made under rule 59(e) of the Federal Rules of Civil Procedure a motion for reconsideration. *See Krohn v. N.Y. City Police Dept't.*, 341 F.3d 177, 179 (2d Cir. 2003) (noting

1

that a party timely filed for reconsideration under Fed R. Civ. P. 59(e)). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—maters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010)).

A motion for reconsideration should be granted only where the defendant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citations omitted); *Kolel Bell Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).

## II. DISCUSSION

Here, neither the law nor facts have changed since the Court dismissed Ms. Dixon's claim with prejudice. As a result, he must identify a clear error on the part of the Court for his motion to succeed.

Mr. Dixon, however, has failed to raise any new information that would lead to a finding of clear error. Instead, he has reiterated the same arguments the Court has already considered.

The Court therefore **DENIES** Ms. Sadlowski's motion for relief from a judgment. *See Shrader*, 70 F.3d at 257 (finding that "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."); *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (finding that a motion to reconsider "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing

on the merits, or otherwise taking a 'second bite at the apple") (internal quotation marks omitted).

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Dixon's motion to alter judgment.

**SO ORDERED** at Bridgeport, Connecticut, this 21st day of December 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE
